UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MATTHEW COOPER,

       Plaintiff,

v.                        Case No: 2:18-cv-675-FtM-29MRM

ASST. WARDEN PATRICK MURPHY,
et al.,

       Defendants.

_____

MATTHEW COOPER,

       Plaintiff,

v.                        Case No: 2:19-cv-236-FtM-29NPM

LORI NORWOOD, Asst. Warden
Prog., et al.,
       Defendants.

_____

**<u>ORDER</u>**

This matter comes before the Court on Plaintiff's duplicative pleadings titled "General Witness Affidavit & Complaint, Emergency Temp. Injunction" liberally construed as motions for a temporary restraining order filed on June 2, 2020 in case no. 2:18-cv-675 (Doc. #51) and in case no. 2:19-cv-236 (Doc. #29).[1]  The motions

_____

[1] Plaintiff mailed one motion to the Court with both case numbers listed at the top.  Plaintiff is required to file a separate motion with the case caption and case number for each case.  In the future the Clerk will docket a motion listing multiple cases only in the first-listed case number.

are identical so the Court will address both motions herein.   In case no. 2:18-cv-675, Defendants Patrick Murphy, S. Pesona and S. Bowden filed a response to Plaintiff's motion (Doc. #56) and attach an affidavit to support their response (Doc. #56-1).

To the extent discernable, Plaintiff, who is incarcerated in the Florida Department of Corrections (DOC), claims Sgt. Sandra Hannah, Lori Norwood, Sgt. Scudera, Mrs. Jackson, Ms. Roberts, OIC McMannus, K. Strube, T. Gjerde, St. Watson, Sgt. Myers, Officer Kiekenapp, Officer Sanchez, Officer Johnson, Officer Davis, Officer Anthapolis, Officer S. Wicker and Centurion Health Care providers are threatening him and his witnesses with violence and bodily harm. (Doc. #51, at 1-2).   Plaintiff alleges these individuals are involved in a conspiracy to harass and intimidate Plaintiff and have falsified report or engaged in a cover up of the "unjustifiable use-of-force incidents" against him and other inmates. (Id. at 2). Plaintiff also claims officials have directed medical personnel not to renew or refill Plaintiff's medications and delayed providing him medical services. (Id. at 3-4). Plaintiff claims he has been threatened "over 25 times with retaliatory transfers" and allegedly was "kicked out" of the canteen line on October 28, 2019 by Sergeant Watson for "no reason" while Captain Gjerde watched. (Id. at 8, 10). Plaintiff surmises the action was done for retaliation because he filed a grievance. (Id.).   The motion is rife with vague or conclusory allegations

that Plaintiff is in imminent danger or will suffer irreparable harm, including death.  See generally (Doc. 51).  As relief, Plaintiff seeks a temporary restraining order to prevent him "from being exposed to imminent danger and foul play" and "a mandatory federal and state investigation on all defendants." (Id. at 10).

None of the individuals alleged to have committed any acts are defendants in case no. 2:18-cv-675.  However, Sandra Hannah, Lori Norwood, Sgt. Scudera, Mrs. Jackson, Ms. Roberts, OIC McMannus, K. Strube, T. Gjerde, St. Watson, Sgt. Myers, Officer Kiekenapp, Officer Sanchez, Officer Johnson, Officer Davis, Officer Anthapolis, Officer S. Wicker and Centurion Health Care are defendants in case no. 2:19-cv-236.  Plaintiff's complaint in that case has not been served.  Defendants' response in case no. 2:18-cv-675 attaches Lieutenant James Conner's affidavit.  Conner is employed at DeSoto Correctional Institution where Plaintiff is incarcerated. (Doc. #56-1).  Conner is not a defendant in either case no. 2:18-cv-675 or case no. 2:19-cv-236.  Conner states he met with Plaintiff to discuss Plaintiff's concerns and his claim he was in "imminent harm" as raised in his motion. (Doc. #56-1, ¶ 3).  Plaintiff told Conner that "he does not believe his life is in imminent danger" and he "made no allegations of physical abuse." (Id., ¶ 4).  Plaintiff did "vent about the issues" he raised but "left the office in good spirits." (Id., ¶ 5).

Because a temporary restraining order is an extraordinary

remedy, the movant must establish the following four criterion: (1) a substantial likelihood of success on the merits, (2) irreparable injury if the relief is not granted, (3) the issuance of an injunction would not substantially harm the other litigant(s), and (4) the injunction is not adverse to the public interest. Long v. Sec'y, Dep't of Corrs., 924 F.3d 1171, 1176 (11th Cir. 2019); see also Fed. R. Civ. P. 65(b). The same factors govern the issuance of a preliminary injunction. See Swain v. Junior, No. 20-11622-C, 2020 WL 2161317, at *3 (11th Cir. May 5, 2020) (citing Wreal, LLC v. Amazon.com, Inc., 840 F.3d 1244, 1247 (11th Cir. 2016)). Recognizing that such requests "are not uncommon in federal court and sometimes involve decisions affecting life and death," such relief may not be granted "unless the [movant] establishes the substantial likelihood of success criterion." Schiavo ex rel. Schindler v. Schiavo, 403 F.3d 1223, 1226 (11th Cir. 2005). The Eleventh Circuit has held that issuing a temporary restraining order "is the exception rather than the rule." Siegel v. LePore, 234 F.3d 1163, 1176 (11th Cir. 2000) (quoting Texas v. Seatrain Int'l, S.A., 518 F.2d 175, 179 (5th Cir. 1975)).

The motion contains no allegations directed to defendants in case no. 2:18-cv-675. Thus, injunctive relief is wholly inappropriate for that action. See Logan v. Chestnut, 3:08-CV-993-J-12JRK, 2010 WL 11469936, at *2 (M.D. Fla. Feb. 26, 2010)

(noting injunctive relief is not available to enjoin individuals who are not a party to the case).  To the extent Plaintiff's allegations are directed at defendants in case no. 2:19-cv-236, Plaintiff has not complied with the requirements of either Fed. R. Civ. P. 65(b) or M.D. Fla. R. 4.05.  Plaintiff has not set forth any facts from which the Court can make a reasoned decision as to whether security should be posted, nor has Plaintiff submitted a proposed form of order.  Fed. R. Civ. P. 65(b), (d).  Further, the motion contains no specific facts to demonstrate Plaintiff is being threatened with an irreparable injury.  And Lieutenant Conner's affidavit refutes Plaintiff's generalized claims he is in imminent danger.  The remaining allegations are speculative or stem from past incidents.  The Eleventh Circuit has "emphasized on many occasions, the asserted irreparable injury 'must be neither remote nor speculative, but actual and imminent.'"  Sieael v. LePore, 234 F.3d 1163, 1176-77 (11th Cir. 2000) (per curiam) (quoting Northeastern Fla. Chapter of the Ass'n of Gen. Contractors v. Citv of Jacksonville, 896 F.2d 1283, 1285 (11th Cir. 1990)).  Finally, Plaintiff has not addressed, yet alone established, the four prerequisites mandated by the Eleventh Circuit to warrant preliminary injunctive relief.  Parker v. State Bd. of Pardons & Paroles, 275 F.3d 1032, 1034-35 (11th Cir.) (per curiam), cert. denied, 534 U.S. 1072 (2001).

Accordingly, it is hereby

**ORDERED:**

Plaintiff's motions for temporary restraining order in case no. 2:18-cv-675 (Doc. #51) and case no. 2:19-cv-236 (Doc. #29) are **DENIED.**

**DONE and ORDERED** at Fort Myers, Florida, this ___3rd___ day of August 2020.

JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies:
Counsel of Record